## Case No. 14,040.

TILGHMAN v. HARTELL et al.

[1 Wkly. Notes Cas. 52.]

Circuit Court, E. D. Pennsylvania. Oct. 24, 1874.

PATENTS—SALE OF MACHINE—LICENSE TO USE—INJUNCTION.

This was a motion for preliminary injunction upon a bill filed for alleged infringement of letters patent No. 108,408, granted to the complainant [Benjamin C. Tilghman] October 18, 1870, for "improvement in cutting and engraving stone, metal, glass, etc.

(the sand-blast process). In the fall of 1873, complainant furnished defendants [Hartell and Letchworth] with machines for operating under the said patent, and sent bills for same and for expenses incurred in putting them up. Bill was not paid until March, 1874, complainant meanwhile accepting monthly payments of royalty according to a schedule furnished with machines. In March complainant requested defendants to sign a license wherein was reserved the privilege of changing royalties. Defendants refused, whereupon they were notified to cease operations. The bill and affidavit averred that the machines had been furnished and royalty accepted upon the faith of defendants' promise to sign license. Defendants denied promise, and averred simple agreement for an exclusive license to manufacture in Philadelphia, on terms fixed by schedule furnished with machines.

Mr. Harding, for complainant, argued that complainant's patent was for a process, and hence sale of machines would not amount to a license; admitting the general principle that sale of patented machines carried license to use same; also that the exclusive right to manufacture claimed by defendants amounted to an assignment or interest in the patent, which the statute requires shall be in writing.

Mr. Connolly, with whom was Letchworth, for defendants, maintained that a revocable right to manufacture, grantee not having right to permit others to manufacture, was a license and not an assignment, and hence need not be in writing; that patent, which contains claims for mechanical parts, was not purely a patent for a process, but for a machine as well, and hence sale of machines gave license to vendee to use them, and that complainant, suing merely for amount of license, and there being a direct issue on a question of fact, viz., license or no license, there existed no equity for an injunction.

THE COURT (McKENNAN, Circuit Judge) refused the injunction.

[NOTE. See Case No. 14,039, and 99 U. S. 547.]